Yahoo! Inc. v. American Airlines, Inc. Doc. 26

ROBERT C. SCHUBERT S.B.N. 62684
WILLEM F. JONCKHEER S.B.N. 178748
DUSTIN L. SCHUBERT S.B.N. 254876
SCHUBERT JONCKHEER KOLBE & KRALOWEC LLP
Three Embarcadero Center, Suite 1650
San Francisco, California 94111
Telephone: (415) 788-4220

*Counsel for Plaintiff Hal K. Levitte*
*[Additional Plaintiffs' Counsel on Signature Page]*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HAL K. LEVITTE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC., a Delaware Corporation,<br><br>Defendant. | CASE NO. C 08-03369 JW<br><br>HON. JAMES WARE<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>**Date: March 2, 2009**<br>**Time: 10:00 a.m.**<br>**Hon. James Ware** |
| RK WEST, INC., a California Corporation d/b/a Malibu Wholesale, individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC., a Delaware Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. C 08-03452 JW<br><br>HON. JAMES WARE |
| PULASKI & MIDDLEMAN, LLC, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC., a Delaware Corporation,<br><br>Defendant. | CASE NO. C 08-03888 JW<br><br>HON. JAMES WARE |



Dockets.Justia.com

| | |
|---|---|
| JIT PACKAGING, INC., Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC., a Delaware Corporation,<br><br>Defendant. | CASE NO. C 08-04701 JW<br><br>HON. JAMES WARE |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure,[1] Local Rules 16-9 and 26-1, and this Court's Standing Order, the parties submit the following Joint Case Management Conference Statement. The parties met and conferred pursuant to Rule 26(f) on February 2, 2009. During this conference, the parties discussed the items required under Rule 26 and the Standing Order, as well as Initial Disclosures and discovery. This joint statement was prepared based on those discussions.

**1. Jurisdiction, Service, and Venue**.

A total of four related cases were filed against defendant Google Inc. ("Google"). This Court related the cases by order dated November 3, 2008 on Google's admnistrative motion to relate the cases.

This Court has subject matter jurisdiction over these actions pursuant to 28 U.S.C. § 1332(d).

No issues exist regarding personal jurisdiction or venue.

Three of the four complaints have been served. The complaints filed by plaintiffs Hal K. Levitte, RK West, Inc. and Pulaski & Middleman, LLC have been served, and Google has answered each complaint. JIT Packaging, Inc. has not yet served Google with its complaint.

**Plaintiffs' position:** The JIT Packaging, Inc. complaint was originally filed in the Northern District of Illinois, case number 08 CV 4543. Google appeared and by stipulation of the parties the case was voluntarily dismissed on October 8, 2008 and refiled in the Northern District of California on October 10, 2008.

Counsel for Google acknowledges below that on February 2, 2009 that it agreed to accept service of the JIT Packaging, Inc. complaint and on February 4, 2009 counsel for JIT Packing, Inc. mailed the waiver of summons request. Under Rule 4(m) if the complaint is not served within 120 days, the Court has the discretion to either dismiss the complaint without prejudice or order service within a date certain. Given Google's statement below that it is still willing to waive summons and accept service and having received the request for waiver of summons on February 12, 2009, in the

[1] All rule references are to the Federal Rules of Civil Procedure unless noted otherwise.

interest of expediency it is requested the Court deem the service effective under Rule 4(m) as plaintiff will file the executed waiver immediately after receiving the same from counsel for Google.

**Defendant's position:** JIT Packaging, Inc. filed its complaint on October 10, 2008, and therefore, its deadline to serve the complaint under Rule 4(m) was February 9, 2009. Plaintiff failed to serve the complaint by that deadline despite Google's counsel offering to accept service by mail and notice of acknowledgement of receipt or similar federal procedure on October 15, 2008 and February 2, 2009, respectively, and Plaintiff having the ability to serve Google directly. Plaintiff did not, however, serve Google or its counsel before February 9, 2009, and therefore, the complaint should be dismissed without prejudice under Rule 4(m).[2]

**2. Facts.**

**Plaintiffs' position**: Plaintiffs are customers of Google's AdWords program. Pursuant to the AdWords program, advertisers contract with Google to have their advertisements placed on "high-quality websites, news pages, and blogs that partner with Google to display targeted AdWords ads" or on search results pages. Advertisers are generally charged on a "per click" basis for advertisements placed using the AdWords program. Plaintiffs allege that Google has concealed from and/or misrepresented material information to plaintiffs and the class concerning the Google AdWords program. In particular, plaintiffs allege that Google places their ads on certain "parked domain" and "error page" websites without their knowledge or consent, since Google had represented that the ads would be placed on "high quality websites" or on results pages from Google searches. Plaintiffs allege that substantial advertising charges incurred by plaintiffs and the class in connection with these websites are unlawful under California law. Until May 2008, Google actively concealed the identity of parked pages and error pages that displayed AdWords advertisements, and did not provide any mechanism by which advertisers could exclude "parked sites" or AdSense for Errors pages.

---

[2] By letter dated February 4, 2009, but received by Google's counsel on February 12, 2009, JIT Packaging, Inc. has requested that Google waive service. Although Google will do so, JIT Packaging, Inc.'s service is untimely because requesting a defendant to waive service does not toll the 120-day service rule, and the waiver is not effective until the plaintiff files the executed waiver.

**Defendant's position**: Google denies that it concealed or misrepresented any material information or made any false or misleading statements regarding the AdWords program. Plaintiffs understood and expressly agreed that their advertisements could be placed on: (a) any content or property provided by Google or (b) any other content or property provided by a third party upon which Google places ads, which includes "parked domain" and "error page" websites, unless they opted out of such placement in the manner specified by Google. Further, Google did not make any guarantees regarding "conversions." Indeed, Google expressly disclaimed any guarantees regarding conversions, which depend entirely on factors completely out Google's control, such as the highly idiosyncratic wants, needs, and other circumstances of each internet user, the content and usability of advertisers' websites, the products and services being offered by the advertisers, and their price. Also, Plaintiffs' allegations that Google made statements about "high quality" websites are not sufficient to state a claim because any such statements are inactionable puffery, and in any event, any such representations were not exclusive of other websites in Google's Network. Last, Plaintiffs have not been actually damaged because they received exactly what they paid for—internet users saw Plaintiffs' ads, clicked on them, and were directed to Plaintiffs' websites.

**3. Legal issues.**

The legal issues presented in these actions include whether the actions are appropriate for class treatment, and if so, the scope and definition of the class(es), and whether Google's conduct in connection with the AdWords program constitutes (1) an unfair business practice under California Business & Professions Code Section 17200; (2) false advertising under California Business & Professions Code Section 17500; (3) breach of the contract; or (4) unjust enrichment.

**4. Motions.**

Prior motions – An administrative motion to relate cases was granted on November 3, 2008.

Pending motions – Plaintiffs' unopposed motion to consolidate cases is presently pending and set for hearing on March 2, 2009 at 9:00 a.m.

Anticipated motions –

**Plaintiffs' position**: Plaintiffs anticipate filing a motion for class certification. Plaintiffs may file a dispositive motion after the close of discovery. Plaintiffs may also file discovery motions, if

required.

**Defendant's position**: Google anticipates the following motions: (1) motion to dismiss plaintiff JIT Packaging, Inc.'s complaint for insufficiency of service if the Court does not do so *sua sponte*; (2) potential motion to dismiss Plaintiffs' consolidated complaint on Rule 12(b) and 9(b) grounds depending on the allegations and claims asserted; (3) motion to strike jury demand as to claims under California's Unfair Competition Law or False Advertising law; (4) opposition to Plaintiffs' anticipated motion for class certification; (5) potential discovery related motions; and (6) motion for summary judgment.

**5. Amendment of pleadings.**

If the Court grant plaintiffs' pending motion for consolidation and appointment of lead counsel, which is scheduled to be heard on March 2, 2009, a consolidated complaint is due to be filed 45 days after the date of the order, and Google's response thereto is due 45 days after the filing of the consolidated complaint.

The parties agree that it is premature to assess the filing of counterclaims, the dismissal of certain of plaintiffs' claims, or the addition or dismissal of Google's defenses until the filing and service of the consolidated complaint and Google's response thereto.

**Plaintiffs' position regarding further amendments:** Plaintiffs believe that there should be no deadline set that limits amendments to the complaint after the filing of the consolidated complaint, as factual information developed during discovery or even during trial may provide a basis for further amendments.

**Defendant's position regarding further amendments:** Defendant proposes that the deadline for amending the pleadings be 150 days from the filing of the consolidated complaint.

**6. Evidence Preservation.**

The parties have agreed and represent that evidence is being preserved, including electronically-stored material.

**7. Disclosures.**

**Plaintiffs' position:** Plaintiffs believe that Initial Disclosures should be made now, pursuant to Rule 26(a)(1)(c) as Google has already answered the three complaints with which it has been

served, and the consolidated complaint will be based on the same core facts and circumstances. Google's position that there should be no Initial Disclosures until after Google has responded to the consolidated complaint should be rejected, since even if the consolidated complaint contains additional legal theories, Google has already been apprised of the basic factual issues in dispute.

**Defendant's position:** Google proposes that the deadline for making initial disclosures be set for 15 days after Google's deadline to respond to the consolidated complaint because: (1) Plaintiffs' have not specified the "who, what, when, where, and how" of the alleged false or misleading statements as required under Rule 9(b) in the three served complaints and one yet-to-be served complaint, and therefore, it is unfair that Google would have to make initial disclosures based on those soon-to-be superseded complaints; (2) Google has not yet responded to the JIT Packaging, Inc. complaint and only recently received JIT Packaging, Inc.'s request to waive service in that action; (3) Plaintiffs' proposed consolidated complaint would supersede the four earlier complaints, and the consolidated complaint would be the operative complaint that frames the issues for discovery and determines relevance for discovery; and (4) contrary to Plaintiffs' statement that "the consolidated complaint will be based on the same core facts and circumstances," Plaintiffs refused during the Rule 26(f) conference to unequivocally state that the consolidated complaint would not include additional or different factual allegations or legal theories or to identify any anticipated changes to the allegations or claims.

**8. Discovery.**

**Plaintiffs' position:** Plaintiffs' position, as presented in the meet and confer, is that discovery should begin immediately, as Google has already answered the three complaints with which it has been served, and the consolidated complaint will be based on the same core facts and circumstances.

With respect to Rule 26(f), plaintiffs' discovery will focus on the allegations regarding Google's AdWords program contained existing complaints. Google has stated that it believes discovery concerning class certification should proceed first, before merits discovery. Plaintiffs believe that bifurcation of discovery is unnecessary and will result in waste of resources and delay, as the distinction between class certification and merits discovery is blurry at best. *Gray v First*

*Winthrop Corp*., 133 F.R.D. 39, 41 (N.D. Cal. 1990). The ultimate factual questions center on Google's AdWords program and charges to plaintiffs under this program. These questions are also germane to class certification.

Furthermore, it is highly unlikely that the parties will be able to agree as to what constitutes appropriate class certification discovery and what should be reserved for merits discovery. The parties will then be forced to turn to the Court for guidance and to resolve disputes. In addition, as plaintiffs bear the burden of proof in class certification and the majority of relevant discovery is in Google's possession, plaintiffs could potentially be prejudiced by the inability to obtain discovery that Google claims only relevant to "the merits."

With respect to electronic discovery, the parties have had preliminary discussions regarding the format of electronic discovery, and have agreed to meet and confer at an appropriate time to further discuss electronic discovery. With respect to privilege issues, the parties have agreed to negotiate and draft an appropriate protective order. In light of Google's posture regarding discovery, including that it should be put off pending the consolidated complaint, plaintiffs take no position at this time on whether any changes or limitations should be made on discovery as provided for in the federal rules or the local rules.

**Defendant's position:** Plaintiffs mischaracterize Google's position.

Google's position is that initial disclosures should be made 15 days after Google's deadline to respond to the consolidated complaint for the reasons set forth in the preceding section.

Also it is Google's position that discovery should be phased between class and merits discovery. It is common for courts to limit discovery to certification issues, and "[d]iscovery on the merits of the class claim is usually deferred until it is certain that the case will be allowed to proceed as a class action." Schwarzer, et al., Cal. Prac. Guide Fed. Civ. Proc. Before Trial § 10:740 (The Rutter Group 2009); *see also*, Manual for Complex Litigation (Fourth) § 21.14 (2004). Discovery should be phased here because: (1) the scope of merits discovery is greatly impacted by whether or not a class is certified, particularly here where the scope of the action could be either four individual claims if a class is not certified, or a class involving potentially involving millions of AdWords advertisers if a class is certified as proposed by Plaintiffs; (2) merits discovery not necessary to

determining the Rule 23 requirements is likely to create extraordinary and unnecessary expense and burden at this stage in the actions; and (3) merits discovery may become unnecessary depending on the class certification decision in these actions. Plaintiffs' concern over disputes over the class versus merits distinction is unfounded. The authorities are clear that discovery should be controlled and limited to class issues and only those merits issues relevant to the Rule 23 analysis. FED. R. CIV. P. 23, advisory committee's note, 2003 amendments, Subdivision (c)(1); Schwarzer, et al., Cal. Prac. Guide Fed. Civ. Proc. Before Trial § 10:740 (The Rutter Group 2009); Manual for Complex Litigation (Fourth) § 21.14 (2004); *see also*, *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 316-320 (3rd Cir. 2008). If a dispute should arise between the parties as to the scope of class discovery, the parties are required to first meet and confer in an effort to resolve any such dispute under Civil L.R. 37-1. If unable to resolve their dispute, the parties can bring an appropriate motion to the Court to show that the discovery sought is necessary for purposes of Rule 23. Google's proposal presents a workable, orderly, and efficient framework, and it is one that is contemplated under Rule 23, practice guides, and the Manual for Complex Litigation.

During class certification discovery, Google intends to depose each of the named Plaintiffs and any experts that Plaintiffs intend to use in support of their motion for class certification. Google may potentially depose other witnesses listed on Plaintiffs' initial disclosures and if necessary, unnamed putative class members. Google also intends to propound document requests to each of the named Plaintiffs. Google proposes that pre-class certification discovery occur according to the schedule set forth in Section 17 below.

For electronic discovery, the parties preliminarily discussed the format for electronic discovery, and have agreed to meet and confer in an effort reach a stipulation and order governing electronic discovery formats to be presented to the Court.

These actions will involve the discovery of confidential information, and therefore, the parties have agreed to negotiate an appropriate stipulated protective order to be presented to the Court.

Regarding privileged documents, the parties preliminarily discussed stipulating that the exchange of privilege logs occur at a date specified after the parties have completed their

productions, instead of at the time objections and responses to document requests are served, and limiting the logging of certain categories, such as communications where the only parties to the communications are attorneys or communications after the onset of litigation.  The parties have agreed to negotiate an appropriate stipulation.

Google's position is that the presumptive limits on discovery under the Federal Rules of Civil Procedure should apply to this case, with class discovery counting towards the limits, but excluding expert discovery from the limits.

**9. Class Certification.**

**Plaintiffs' position:** Plaintiffs intend to move for class certification.  In compliance with Local Rule 16-(b), plaintiffs represent that this action is maintainable as a class action under Rules 23(a) and (b)(1), (2) and (3). Plaintiffs bring this class action on behalf of a class of person or entities who had a Google AdWords account with Google during the class period and who were unlawfully charged for advertisements appearing on certain websites, including parked domain and error pages. This action is suitable for class treatment because all class members were damaged by the same unlawful and deceptive business practices. All class members are therefore similarly situated, and were subject to the same allegedly unlawful practices. Plaintiffs are unaware of the number of class members, but believe it to be in the tens or hundreds of thousands, such that joinder would therefore be impractical. Plaintiffs have hired experienced class action counsel, and will protect the interests of the class. As discussed below, plaintiffs propose the following schedule:  (1) plaintiffs' deadline to file a motion for class certification should be 6 months after an answer to the consolidated complaint is filed; (2) Google's opposition deadline should be 30 days after the filing of the motion; (3) Plaintiffs' reply deadline should be 30 days after Google's opposition; and (4) the hearing should be 30 days after the filing of plaintiffs' reply.

**Defendant's position:** Google denies that this action is maintainable as a class action, and will oppose Plaintiffs' motion for class certification because Plaintiffs cannot satisfy all of the requirements of Rule 23(a) nor any of the requirements of Rule 23(b).

Google proposes that: (1) Plaintiffs' deadline to file their class certification motion should be set 30 days after the close of class discovery; (2) Google's opposition deadline should be set 30 days

after the filing of the motion; (3) Plaintiffs' reply deadline should be set 30 days after Google's opposition; and (4) the hearing be set 30 days after Plaintiffs' reply.

**10. Related cases.**

The parties are not aware of any additional related cases.

**11. Relief**

**Plaintiffs' position:**

Plaintiffs seek the following relief:

(1) An injunction ordering Google to cease and desist from engaging in the unfair, unlawful, and/or deceptive practices alleged in this action;

(2) Restitution and disgorgement on certain causes of action;

(3) Compensatory and general damages according to proof on certain causes of action;

(4) Special damages according to proof on certain causes of action;

(5) Both pre- and post-judgment interest.

Plaintiffs are not capable at this time of describing the exact or approximate dollar amount of relief, which depends upon information exclusively within Google's control.

**Defendant's position:**

Google denies that Plaintiffs have been harmed or damaged.

In light of Plaintiffs' position on the amount of damages and claimed inability to describe the bases on which damages are calculated, it is premature for Google to describe the bases on which it contends damages should be calculated if liability is established.

Google has not asserted a counterclaim in the three actions in which it has been served, but reserves its right to do so in the JIT Packaging, Inc. matter and in response to the proposed consolidated complaint.

**12. Settlement and ADR.**

On October 15, 2008, all parties met and conferred regarding Settlement and ADR. The parties agreed that settlement discussion would not be productive until class certification has been decided, and chose mediation (ADR L.R. 6) as the ADR procedure for these actions.

In the three actions in which Google has been served, the parties filed the required ADR Stipulation selecting mediation (ADR L.R. 6) to occur within 90 days of the Court's order on Plaintiffs' motion for class certification. The Court approved those stipulations. Google filed its ADR Certification in each of those cases as well.

The JIT Packaging, Inc. action has not yet been served (nor has Google waived service yet), and therefore, the ADR Stipulation and ADR Certification for that action have not yet been filed.

**13. Consent to Magistrate Judge.**

The parties do not consent to a magistrate judge to preside over a trial of this matter.

**14. Other References.**

The parties agree that the case is not suitable for reference to binding arbitration or a special master. The actions are not suitable for reference to the JPML as all related cases have been filed in this district and have been transferred to this Court.

**15. Narrowing of Issues.**

The parties agree that it is premature to discuss expediting the presentation of evidence at trial or bifurcation. The parties jointly request that these issues be addressed at a further Case Management Conference to be set after the Court rules on plaintiffs' motion for class certification.

**Plaintiffs' position:** Plaintiffs do not propose any narrowing of issues at this time. Plaintiffs oppose bifurcation of discovery, as discussed above.

**Defendant's position:** Google proposes phased class and merits discovery as described above. Google also intends to move for summary judgment, which may narrow some of the issues for trial.

**16. Expedited Schedule.**

The parties do not believe this case is suitable at this time for an expedited schedule.

**17. Scheduling.**

**Plaintiffs' position:** Plaintiffs propose the following case management schedule. In light of (1) the anticipated filing by plaintiffs of a consolidated complaint, and (2) the posture of Google with respect to postponing discovery until Google has responded to the consolidated complaint, plaintiffs' proposal is limited to a schedule for class certification. Plaintiffs propose that the motion

for class certification be filed 6 months after the filing of an answer to the consolidated complaint. Plaintiffs propose the following schedule for expert discovery relating to class certification: (1) plaintiffs will file expert reports in support of class certification at the same time that they file their motion for class certification; (2) Google can conduct expert discovery until the date it files its opposition to class certification (30 days after the filing of the motion); (3) Google will file its expert reports in opposition to class certification at the same time that it files its opposition to class certification (30 days after the filing of the class certification motion); and (4) plaintiffs can take discovery of defendant's experts until the date that plaintiffs file their reply in support of class certification. Google's proposal that experts be disclosed 30 days prior to the close of class discovery, and rebuttal experts disclosed by the close of class discovery, makes no sense, since then plaintiffs would be required to disclose their experts prior to the filing of their motion for class certification and initial expert report on class certification issues.

After a ruling on plaintiffs' motion for class certification, plaintiffs propose that the parties meet and confer and submit a proposed pre-trial schedule for the Court's approval, including further deadlines for fact discovery cut-off, expert discovery cut-off, and dispositive motions. Plaintiffs anticipate that a trial date could be set within 9 months from a ruling on class certification.

**Defendants' position:** Google proposes that Plaintiffs' deadline for filing a motion for class certification be set nine months after initial disclosures are due, which will also be the class discovery cut-off, except for expert discovery if either side intends to rely on expert opinion in support of or in opposition to the certification motion. To the extent the parties intend to rely on expert opinion, experts should be disclosed 30 days before the close of class discovery. Rebuttal experts shall be disclosed on or before the class discovery deadline. Expert discovery is to be completed two weeks before Google's opposition deadline, and for rebuttal experts, two weeks before Plaintiffs' reply deadline.

Plaintiffs and Google propose their respective schedules, which are based on the assumption that the Court will rule on the motion for consolidation on March 2, 2009. In the event such a ruling comes later, the schedule would have to be adjusted accordingly.

| Event | Plaintiffs' Proposed Schedule | Defendant's Proposed Schedule | Schedule set by Court |
|---|---|---|---|
| Hearing on Uncontested Motion to Consolidate, and possible order | March 2, 2009 | March 2, 2009 | |
| Commencement of discovery | March 2, 2009 for commencement of all discovery, including both class certification and merits | June 16, 2009 - initial disclosures and start of class discovery (which includes merits issues necessary to determine Rule 23 requirements) | |
| Deadline for Plaintiffs to file Consolidated Amended Complaint | April 16, 2009 | April 16, 2009 | |
| Deadline for Defendant to Answer or otherwise respond to Consolidated Amended Complaint | April 30, 2009 | June 1, 2009 | |
| Class discovery cut-off | October 30, 2009 (six months after defendant answers the consolidated amended complaint) (in the event that defendant does not answer the complaint on April 30, 2009, but files any motions, then this date should be moved accordingly) | March 16, 2010 (nine months after making initial disclosures) | |

| | | | |
|---|---|---|---|
| Experts disclosures re class certification and experts discovery cutoff | Plaintiffs to file initial expert reports on class certification: at same time as filing motion for class certification<br><br>Defendant's deadline to conduct expert discovery of plaintiffs' experts: at same time as the filing of defendant's opposition to class certification<br><br>Defendant to file initial expert reports opposing class certification: at same time as defendant files opposition to motion for class certification<br><br>Plaintiffs' deadline to conduct expert discovery of defendant's experts: at same time as the filing of plaintiffs' reply in support of class certification | Affirmative experts disclosure - February 12, 2010 (approximately one month before class discovery cut-off)<br><br>Rebuttal experts disclosure– March 16, 2010<br><br>Affirmative experts discovery cut-off – April 2, 2010<br><br>Rebuttal experts discovery cut-off – May 3, 2010 | |
| Plaintiffs to file Motion for Class Certification | October 30, 2009 (six months after answer to consolidated complaint)<br><br>(in the event that defendant does not answer the complaint on April 30, 2009, but files any motions, then this date should be moved accordingly) | March 16, 2010 (nine months after making initial disclosures) | |
| Defendants to file Opposition to Motion for Class Certification | November 30, 2009 (one month later) | April 16, 2010 (one month later) | |

| | | | |
|---|---|---|---|
| Plaintiffs to file Reply to Motion for Class Certification | January 8, 2010 (one month later, plus an extra week due to holidays) | May 17, 2010 | |
| Hearing on Motion for Class Certification | February 8, 2010, or as specified by the Court | June 14, 2010 | |
| Further Case Management Conference | TBD by Court within 45 days after class certification ruling | TBD by Court within 45 days after class certification ruling | |
| Parties to meet and confer and file Joint Report for further CMC after ruling on motion for class certification to set deadlines for fact discovery, expert discovery, dispositive motions and trial | TBD by Court in advance of further CMC | TBD by Court in advance of further CMC | |

**18. Trial.**

Plaintiffs have demanded a jury trial on all claims triable by jury. Length of trial at this time is uncertain. Plaintiffs agree that there is no right to jury trial on the claims under California's Unfair Competition Law or False Advertising Law. Google agrees with plaintiffs that the length of trial at this time is uncertain and will depend in part on class certification.

**19. Disclosure of non-party interested entities or persons.**

The parties have filed their respective Disclosure Statements required by Rule 7.1 and Certification of Interested Entities or Persons required by Local Rule 3-16.

Plaintiffs make no further representations in this respect.

As required under the General Order, Google restates its disclosure statement and certification of interested entities:

"Defendant Google Inc., by and through its undersigned counsel of record, hereby certifies pursuant to Federal Rule of Civil Procedure 7.1 that it does not have a parent corporation and that no publicly held corporation owns 10% or more of its stock."

"Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report."

**20. Other matters affecting status or management of the case.**

The parties identify none at this time.

Dated: February 20, 2009

SCHUBERT JONCKHEER KOLBE & KRALOWEC LLP

By: /s/Dustin L. Schubert
Dustin L. Schubert

ROBERT C. SCHUBERT
WILLEM F. JONCKHEER
KIMBERLY A. KRALOWEC
DUSTIN L. SCHUBERT

*Counsel for Plaintiff Hal Levitte*

GUIDO SAVERI S.B.N. 22349
R. ALEXANDER SAVERI S.B.N. 173102
CADIO ZIRPOLI S.B.N. 179108
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810

By: /s/Cadio Zirpoli
Cadio Zirpoli

*Counsel for Plaintiffs Pulaski & Middleman, LLC and JIT Packaging, Inc.*

TERRY GROSS S.B.N. 103878
ADAM C. BELSKY S.B.N. 147800
MONIQUE ALONSO S.B.N. 127078
GROSS BELSKY ALONSO LLP
180 Montgomery Street, Suite 2200
San Francisco, California 94104
Telephone: (415) 544-0200

*Counsel for Plaintiffs Pulaski & Middleman, LLC*

ROBERT FOOTE (To be admitted *Pro Hac Vice*)
CRAIG S. MIELKE (To be admitted *Pro Hac Vice*)
FOOTE, MEYERS, MIELKE & FLOWERS, LLC
28 North First Street, Suite 2
Geneva, IL 60134
Telephone: (630) 232-6333

*Counsel for Plaintiff JIT Packaging, Inc.*

KATHLEEN C. CHAVEZ
CHAVEZ LAW FIRM, P.C.
28 North First Street, Suite 2
Geneva, IL 60134
Telephone: (630) 845-8982

*Counsel for Plaintiff JIT Packaging, Inc.*

PETER L. CURIE
THE LAW FIRM OF PETER L. CURIE, P.C.
536 Wing Lane
St. Charles, IL 60174
Telephone: (630) 862-1130

*Counsel for Plaintiff JIT Packaging, Inc.*

BRIAN S. KABATECK S.B.N. 152054
RICHARD L. KELLNER S.B.N. 171416
ALFREDO TORRIJOS S.B.N. 222458
KABATECK BROWN KELLNER LLP
644 South Figeroa Street
Los Angeles, CA 90017
Telephone: (213) 217-5000

By: /s/Alfredo Torrijos
Alfredo Torrijos

*Counsel for Plaintiff RK West, Inc.*

Dated: February 20, 2009

COOLEY GODWARD KRONISH LLP
MICHAEL G. RHODES (116127)
LEO P. NORTON (216282)
PETER J. WILLSEY (*pro hac vice*)

By: /s/Michael G. Rhodes
Michael G. Rhodes

Attorneys for Defendant GOOGLE INC.

**ATTESTATION OF FILER**

I, Dustin L. Schubert, hereby attest that concurrence in the filing of the document has been obtained from each of the other signatories.

Dated: February 20, 2009

SCHUBERT JONCKHEER KOLBE & KRALOWEC LLP

By: /s/Dustin L. Schubert
Dustin L. Schubert

*Counsel for Plaintiff Hal Levitte*